**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| 1) CHARLES H. HOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | Case No. 11-CV-312-JHP-FHM |
| | ) | |
| 1) LIFE SHARE COLLATERAL HOLDINGS, LLC; | ) ) | |
| | ) | |
| 2) MADISON ONE ASSOCIATES, LLC., | ) ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE IN OPPOSITION TO LIFE SHARE COLLATERAL'S**
**MOTIONS TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Life Share Collateral Holdings, in addition to contesting venue, seeks dismissal of Hood's Complaint for Declaratory Judgment asserting the absence of an actual controversy. Madison One also raises this issue in its reply brief challenging venue. Both rely upon supposed uncertainty surrounding Hood's liability under the Personal Guaranty. The following is Hood's Response in Opposition:

**STATEMENT OF FACTS**

1.  On or about December 8, 2008, Charles Hood signed a Personal Guaranty which identified a Loan and Security Agreement to be made on December 8, 2008, for the initial purchase and funding of a $4.5 million life insurance policy to be issued by Phoenix Life Insurance. Hood signed the Personal Guaranty in Tulsa and mailed it to the agent in New York. He was thereafter furnished a copy of the life insurance policy issued by Phoenix

but was later informed the policy was declined and returned by my insurance agent. (Affidavit of Charles Hood attached as Exhibit 1).

2. There was no Loan and Security Agreement made or executed on December 8, 2008. (Affidavit of Charles Hood attached as Exhibit 1).

3. On December 18, 2008, Hood, in an email to his agent, expressed displeasure with the notion of a "never-ending" Personal Guaranty and expressed a desire to simply cancel any pending applications if matters could not be resolved expeditiously. (Affidavit of Charles Hood attached as Exhibit 1).

3. On or about January 22, 2009, a Loan and Security Agreement was executed for the initial purchase and funding of a $5 million policy to be issued by Lincoln Life Insurance. The Charles H. Hood Irrevocable Trust was identified as "Borrower", Life Share Financial, LLC, was identified as the "Lender" and Hood was identified as the "Insured". All parties signed the Agreement although the terms did not obligate Hood personally on the loan. (Affidavit of Charles Hood attached as Exhibit 1).

4. Hood was never presented nor did he sign a Personal Guaranty with respect to the January 22, 2009 Loan and Security Agreement. He has since learned a copy of his signature from the December 8, 2008 Personal Guaranty was attached to a Personal Guaranty identifying the January 22, 2009 Loan and Security Agreement. Hood never authorized his signature could be used in this respect. (Affidavit of Charles Hood attached as Exhibit 1).

5.	Hood did not have to pay premiums on the Lincoln policy until February of 2011. He paid a monthly premium of $10,000.00 but could not afford any additional premiums. The policy has now lapsed. (Affidavit of Charles Hood attached as Exhibit 1).

9.	Life Share Collateral Holdings and Madison One Associates have contacted Hood as holders of the Loan and Security Agreement as well as the January 22, 2009 Personal Guaranty bearing his unauthorized signature. They claim he is liable under the Personal Guaranty for approximately $100,000.00. (Affidavit of Charles Hood attached as Exhibit 1).

## ARGUMENT AND AUTHORITY

### THERE IS AN ACTUAL CONTROVERSY REGARDING THE PERSONAL GUARANTY

Declaratory judgment actions are authorized pursuant to 28 U.S.C. §2201 so long as there is an actual controversy between the parties. *MedImmune, Inc. V. Genentech, Inc., 549 U.S. 118, 127 (2007)*. The district court must look to the substantive claims to determine whether it has jurisdiction. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1 (1983). To decide whether a declaratory- judgment action comes within federal jurisdiction, a court must dig below the surface of the complaint and look at the underlying controversy. If a well-pleaded complaint by the defendant (the "natural" plaintiff) would have arisen under federal law, then the court has jurisdiction when the "natural" defendant brings a declaratory-judgment suit. See, *Public Service Commission v. Wycoff Co., 344 U.S. 237, 248 (1952)* and *DeBartolo v. HealthSouth Corp., 569 F.3d 736 (7th Cir. 2009)*.

All requisites for jurisdiction are satisfied here. The insurance policy has now lapsed and the current holders of the Personal Guaranty claim Hood is liable for the approximate sum of $100,000.00. The current holders would, of course, be the "natural" plaintiffs in any collection proceeding initiated with respect to the instrument. Such a proceeding, on the other hand, would involve diversity of citizenship and could be entertained by a federal court given the amount in controversy. The proper venue would otherwise lie in the Northern District of Oklahoma since that is the place of Hood's residence.

Hood, realizing the defendants might erroneously attempt to avail themselves to the "Consent to Jurisdiction" clause contained in the Loan and Security Agreement, acted defensively by first filing for declaratory judgment in the Northern District of Oklahoma. There is no question, however, that an actual controversy exists and that this court possesses subject matter jurisdiction. Suggestions that contacts and/or potential witnesses outside Oklahoma require a transfer of jurisdiction should otherwise be viewed as "red herrings" since the sole issue to be determined is whether Charles Hood, an Oklahoma resident, signed the Personal Guaranty which referenced the Loan and Security Agreement to be executed on January 22, 2009. Undeniable proof has already been submitted that he did not. The pending Motions to Dismiss should and must be denied.

**LAW OFFICES OF MARK S. COOPER, P.C.**

_____/s/ Mark S. Cooper_____
MARK S. COOPER, OBA# 12614
225 N. Peters Suite 8
Norman, Oklahoma 73069
(405) 292-7600 Telephone
(405) 366-7657 Facsimile

**CERTIFICATE OF SERVICE**

I hereby certify that on this \_16\_\_ day of \_July\_\_, 2011, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Brently C. Olsson
Helms & Greene, LLC
50 Penn Place
1900 N.W. Expressway, Suite 430
Oklahoma City, OK 73118

Attorney for Life Share Collateral Holdings, LLC

Elizabeth R. Sharrock
Pierce, Couch, Hendrickson, Baysinger & Green, LLP
P.O. Box 26350
Oklahoma City, OK 73126

Attorneys for Madison One Associates, LLC

\_\_\_\_\_/s/ Mark S. Cooper_____
MARK S. COOPER

5